IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: _____

JAMES BILHARDT and SHIRLEY
BILHARDT,

    Plaintiffs,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

## NOTICE OF REMOVAL

COMES NOW, the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Hartford"), by and through the undersigned counsel, and pursuant to 28 U.S.C. § 1441(a), to remove an action pending in the Circuit Court of the Twentieth Judicial Circuit of Florida, in and for Charlotte County, Florida, styled *James and Shirley Bilhardt vs. Hartford Insurance Company of the Midwest,* Case No. 23-CA-000164, and states:

### Timely Notice of Removal

1. Defendant was served with Plaintiffs, James and Shirley's breach of contract action on or about April 10, 2023.[1] This Notice of Removal is therefore timely filed within 30 days of formal service upon Defendant, through service of a copy of the initial pleading setting forth a claim for relief pursuant to 28 U.S.C. § 1446(b), and within a year of the filing of the lawsuit.

---

[1] See Composite **Exhibit A**, Notice of Service of Process and Complaint.

## Venue

2. Venue is proper in the United States District Court for the Middle District of Florida, Fort Myers Division, because the state court action and the subject loss originated in Charlotte County, Florida.

## Jurisdiction

3. This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) because citizenship of Plaintiffs and Defendant are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant is therefore entitled to remove this action pursuant to 28 U.S.C. § 1441.

## Complete Diversity Exists

4. At the time of the lawsuit and the filing of this Notice of Removal, there was and still is complete diversity of citizenship among all parties named in this action.

5. Plaintiffs, James and Shirley, are Florida residents and citizens. The Complaint acknowledges in paragraph two that Plaintiffs are Charlotte County residents at all times material hereto.[2]

6. In addition, the Declarations page of the policy at issue in this litigation indicates that the insured property is located in Charlotte County, and is Plaintiffs' residence premises.[3]

7. Based on the foregoing, the evidence establishes that Plaintiffs are and were citizens and residents of Florida at all materials times.

8. Defendant, Hartford, is not a citizen of Florida. It is not incorporated under the

---

[2] See **Exhibit A,** ¶ 2.
[3] See **Exhibit B-1**, true and correct copy of the subject policy identified in the Complaint attached to the Declaration of Kimberley Dodd.

laws of Florida, and does not have its principal place of business in Florida.

9. Instead, Defendant is incorporated in the State of Indiana with its principal place of business in Hartford, Connecticut.[4]

10. A corporation is a citizen of any state in which it is incorporated and of the state where its principal place of business is located. 28 U.S.C. §1332(c). Accordingly, Hartford is a citizen of Indiana and Connecticut.

## Amount in Controversy Exceeds $75,000

11. Plaintiffs sue Defendant alleging breach of an insurance contract for failure to pay for claimed property damage arising from wind, with a reported date of loss of September 28, 2022. The Complaint does not assert the claimed damage amount, but alleges in paragraph one that the damages sought exceed $50,000.[5]

12. The policy limits for Coverage A are $256,000; $25,600 for Coverage B limits, and $179,200 for contents. The applicable hurricane deductible totals $5,120.[6]

13. Following the adjustment of this claim, Hartford accepted coverage for the reported damage to the dwelling in the amount of $15,468.19, other structures in the amount of $2,481.78, and contents losses totaling $411.01 after applying the $5,120 deductible. However, Plaintiffs did not cash the claim payments, which remain at issue in this litigation.[7]

14. Prior to the filing of this action, Plaintiffs filed a Notice of Intent to Litigate pursuant to F.S. 627.70152 on or about January 9, 2023, under filing number 74785, seeking $89,156.00 in indemnity damage based on an estimate prepared by Cypress Hill Services, and

---

[4] See **Exhibit B**, Declaration of Kimberly Dodd.
[5] See **Exhibit A**, ¶1.
[6] See **Exhibit B-1**, the policy.
[7] See **Exhibit B-2**, true and correct copy of the coverage letter attached to Declaration of Kimberly Dodd.

$10,000 in claimed statutory fees.[8]

15.   The Complaint also seeks recovery of statutory attorney's fees.[9]

16.   Accordingly, the claimed damage in dispute well exceeds the $75,000 statutory threshold for removal based on Plaintiffs' Notice of Intent to Litigate totaling $99,156.00. Thus, the statutory threshold amount for diversity jurisdiction, exclusive of any claimed interest and costs, is met.

## Compliance with 28 U.S.C. § 1446

17.   Defendant files with this Notice, copies of all process, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. § 1446, and the Local Rules of this Court, including:

Local Rules of this Court, including:[10]

(a)   Summons, service of process and Complaint (with exhibits);

(b)   Amended Complaint (with exhibits);

(c)   Discovery served with the Complaint;

(d)   Defendant's Notice of Appearance and Email Designation; and

(e)   Defendant's Motion for Extension of Time to Respond to the Complaint and Agreed Order.

18.   Pursuant to 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of Circuit Court of the Twentieth Judicial Circuit in and for

---

[8] See **Exhibit C**, Notice of Intent to Litigate numbered 74785 with Cypress Hill Services estimate. While Plaintiffs subsequently submitted a lower, informal settlement demand, the demand amount still exceeds the $75,000 threshhold.
[9] See **Exhibit A**, ¶¶14 and 21.
[10] See **Exhibit D**, state court filings.

Charlotte County, Florida.[11]

Dated this 8th day of May, 2023.

        BUTLER WEIHMULLER KATZ CRAIG LLP

        _____
        TRACY A. JURGUS, ESQ.
        Florida Bar No.: 483737
        tjurgus@butler.legal
        Secondary:  sbuchelt@butler.legal
        Mail Center:  400 North Ashley Drive, Suite 2300
                       Tampa, FL  33602
        Telephone:  (305) 416-9998
        Facsimile:  (305) 416-6848
        *Attorneys for Defendant, Hartford Ins. Co. of the Midwest*

**CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

    Matthew A. Kassel, Esq.
    Kassel Law Group, PLLC
    4016 Henderson Boulevard, Suite E
    Tampa, Florida 33629
    matt@kassellawgroup.com
    Telephone: (813) 641-4535
    Fax: (813) 200-1130
    *Attorneys for Plaintiffs, James and Shirley Bilhardt*

by CM/ECF on May 8, 2023.

        _____
        TRACY A. JURGUS, ESQ.

---

[11] See **Exhibit E**, Certification of Notice of Filing Removal.